1

2

3

4

5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF WASHINGTON

7

8

TIMOTHY ALGAIER, and
DEBRA EDDY,

NO:  13-CV-0380-TOR

9

Plaintiffs,

ORDER RE DEFENDANTS' MOTION
TO DISMISS AND PLAINTIFFS'
MOTION TO REMAND

10

v.

11

12

13

14

15

16

17

18

19

20

CMG MORTGAGE INC, a California
Corporation doing business in
Washington State; BANK OF
AMERICA NA, a national bank doing
business in Washington State;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS INC.,  a
corporation doing business in
Washington State; PACIFIC
NORTHWEST TITLE COMPANY, a
Trustee doing business in Washington
state; FIRST AMERICAN TITLE
COMPANY, successor in interest to
Pacific Northwest Title Company, a
Trustee, doing business in Washington
state; DOES 1-100, inclusively and all
persons unknown claiming any legal or
equitable right, title, estate, lien or
interest in the property described in the

ORDER RE DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS'
MOTION TO REMAND ~ 1

complaint adverse to Plaintiffs' title or
any cloud on plaintiffs' title thereto,

                    Defendants.

BEFORE THE COURT are Defendants Bank of American, N.A., and

Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Plaintiffs'

Complaint (ECF No. 8); Plaintiffs' Motion to Remand (ECF No. 12); and

Plaintiffs' Motion to Expedite Hearing on Motion to Remand (ECF No. 11). This

matter was submitted for consideration without oral argument. The Court has

reviewed the briefing and the record and files herein, and is fully informed.

BACKGROUND

This case concerns a threatened nonjudicial foreclosure.

FACTS[1]

Plaintiffs purchased property at 4416 N. Simpson Road in Otis Orchards,

Washington, on or about July 3, 2006. In 2009, Plaintiffs refinanced the property, a

single family dwelling they used as their primary residence, with CMG Mortgage,

Inc., a defendant in the instant lawsuit. The property was allegedly the security

under a deed of trust, and the loan was evidenced by a promissory note the current

---

[1] These facts are taken from Plaintiffs' complaint and accepted as true for the
purposes of the motion to dismiss.

ORDER RE DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS'
MOTION TO REMAND ~ 2

owner of which Plaintiffs claim "is yet a mystery and unknown." Bank of America, N.A. ("BANA") is allegedly the loan servicer, though Plaintiff contests the ownership of the note.

Plaintiffs made payments due on the loan through December 2011. On December 5, 2011, Plaintiffs claim Anna Lopez, an agent of Defendant BANA, contacted Plaintiffs offering a novation of the existing promissory note, reducing monthly payments from $1,872 to $1,252. They claim that she told them:

> If you stopped making payments under the Note for 3 consecutive months, they would be 'guaranteed' to qualify for a new Note or modified term or novation beneficially altering the current payment to a lower amount under the existing Note. The new conditions would be implemented and terms made known immediately so no default would be declared or foreclosure brought into play.

They claim Lopez further told them on December 12, 2011, to "just stop paying from January, 2012 through March 2012, and you will qualify, guaranteed." Plaintiff state that Lopez told them BANA would treat the December 2011 payment as "confirmation in lieu of any written contract in confirmation of this new modification plan."

Plaintiffs filed a lawsuit in Spokane County Superior Court, alleging 1) negligence; 2) fraud and deceit; 3) violation of the Washington Foreclosure Fairness Act ("FFA"); 4) equitable accounting; 5) breach of contract; 6) unjust enrichment and promissory estoppel; 7) quiet title; 8) declaratory relief; and 9)

ORDER RE DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS'
MOTION TO REMAND ~ 3

1    injunctive relief in the form of a temporary restraining order ("TRO") and

2    preliminary injunction.  The superior court entered a TRO postponing the sale.

3                                              DISCUSSION

4    **A. Plaintiffs' Motion to Remand**

5          Plaintiffs, appearing *pro se*, move the Court to remand this matter back to

6    the state court, arguing that this Court lacks jurisdiction because not all Defendants

7    are diverse.

8          Defendants may remove any action filed in state court over which federal

9    district courts have original jurisdiction. 28 U.S.C. § 1441(a). The Court may

10   remand a case to state court when the Court finds it lacks subject matter

11   jurisdiction over the claims asserted. 28 U.S.C. § 1447(c). Subject matter

12   jurisdiction is established: (1) when there is diversity of citizenship under 28

13   U.S.C. § 1332; or (2) where a claim arises under federal law. 28 U.S.C. § 1441(c).

14   Removal based on diversity requires establishing the parties' diverse citizenship,

15   and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(c). Diversity

16   jurisdiction under 28 U.S.C. § 1332 requires complete diversity. *Teledyne v. Kone*

17   *Corp.*, 892 F.2d 1404, 1408 (9th Cir. 1989).

18         For purposes of 28 U.S.C. 1332 and 28 U.S.C. 1441, "a corporation shall be

19   deemed to be a citizen of every state and foreign state by which it has been

20

incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. 1332(c).

The removing party bears the burden to prove that removal is proper. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). The defendant is obligated to do so by a preponderance of the evidence. *Id.* at 567. Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.* at 566.

Plaintiffs specifically attack the citizenship of Defendants BANA and Mortgage Electronic Registration Systems, Inc. ("MERS"), but because Plaintiffs appear *pro se*, the Court construes their complaint and motion liberally. Plaintiffs argue that "diversity required applies to ALL defendants, including those unserved" and that "the citizenship of each member of an unincorporated association or partnership must be considered in determining diversity." ECF No. 12 at 5. Accordingly, the Court examines the citizenship of each Defendant in turn.

### a. BOA and MERS

Plaintiffs argue that that the Court lacks jurisdiction over this matter because BOA and MERS do business in Washington State, and thus there is not complete diversity. ECF No. 12 at 5. Defendants contend that Plaintiffs have confused the requirements for diversity jurisdiction and employ incorrect analysis. ECF No. 14 at 6.

ORDER RE DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS'
MOTION TO REMAND ~ 5

Defendants are correct. Though somewhat unclear, Plaintiffs appear to argue that the proper test for citizenship is where defendant is doing business, citing 28 U.S.C. § 1391, the statute on venue; *J.A. Olson Co. v. City of Winona, Miss.*, 818 F.2d 401, 405 (5th Cir. 1987); and *Co-Efficient Energy Systems v. CSL Industries, Inc.* (9th Cir. 1987). However, the statute on venue is inapplicable to questions of citizenship for diversity purposes, and the two circuit court cases cited are overruled by the Supreme Court's more recent ruling in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), as Defendants note. As *Hertz* makes clear, the phrase "principal place of business" in the federal diversity jurisdiction statute refers to the "nerve center" of the corporation, or "the place where a corporation's officers direct, control and coordinate the corporation's activities." *Hertz*, 559 U.S. at 92-93. The nerve center is a single place. *Id*. at 93.

Here, Plaintiffs argue that BANA and MERS "cannot swear under oath that they do not do business or have minimum contacts in Washington." ECF No. 12 at 6. However, Plaintiffs do not appear to dispute that BANA and MERS are neither incorporated in Washington nor that they do not have their principal place of business in Washington—Defendants assert that MERS is a Delaware corporation with its principal place of business in Virginia, and BANA is a citizen of North Carolina. Accordingly, diversity jurisdiction is not destroyed by MERS or BANA. //

ORDER RE DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTION TO REMAND ~ 6

### b. Does 1-100

Plaintiffs have sued "inclusively and All persons Unknown Claiming Any Legal or Equitable Right, Title, Estate, Lien, or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, Or Any Cloud on Plaintiff's Title Thereto," collectively called "Does 1-100" in their complaint. They appear to challenge the diversity of these Does by reference to "unserved" defendants. ECF No. 12 at 5. However, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441. Thus, in the instant case, the citizenship of the unnamed Does is disregarded for purposes of diversity jurisdiction under 28 U.S.C. 1332(a). Accordingly, the unnamed defendants do not defeat diversity jurisdiction.

### c. The title companies

Plaintiffs have also sued Northwest Trustee Services, Inc., a trustee doing business in Washington State; Pacific Northwest Title Company, a trustee doing business in Washington State; and First American Title Company, successor in interest to Pacific Northwest Title Company.  In their notice for removal, BOA and MERS argue that, although these companies are alleged to be doing business in Washington, they are nominal defendants that the Court should disregard for purposes of determining diversity jurisdiction.

ORDER RE DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS'
MOTION TO REMAND ~ 7

The issue of alignment for purposes of diversity jurisdiction requires a court to "look beyond the pleadings" to the actual interests of the parties respecting the subject matter of the lawsuit.  *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.,* 204 F.3d 867, 872 (9th Cir. 2000) (quoting *City of Indianapolis v. Chase Nat'l Bank,* 314 U.S. 63, 69, 62 S.Ct. 15, 86 L.Ed. 47 (1941) (quotations omitted). The Ninth Circuit has held that a nominal defendant is "a person who 'holds the subject matter of the litigation in a subordinate or possessory capacity and to which there is no dispute.'" *S.E.C. v. Colello,* 139 F.3d 674, 676 (9th Cir. 1998) (quoting *S.E.C. v. Cherif,* 933 F.2d 403, 414 (7th Cir. 1991)). "The paradigmatic nominal defendant is 'a trustee, agent, or depositary ... [who is] joined purely as a means of facilitating collection.'" *Id.* (quoting *Cherif,* 933 F.2d at 414). A nominal defendant's relation to an action is merely incidental and "it is of no moment [to him] whether the one or the other side in [the] controversy succeed [s]." *Bacon v. Rives,* 106 U.S. 99, 104, 1 S .Ct. 3, 6, 27 L.Ed. 69 (1882). "Because of the non-interested status of the nominal defendant, there is no claim against him and it is unnecessary to obtain subject matter jurisdiction over him once jurisdiction over the defendant is established." *Farmers' Bank v. Hayes,* 58 F.2d 34, 36 (6th Cir. 1932). *Cherif,* 933 F.2d at 414. *See also Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.,* 204 F.3d 867, 873 (9th Cir. 2000) ("We will ignore the citizenship of nominal or formal parties who have no interest in the action, and are

merely joined to perform the ministerial act of conveying the title if adjudged to the complainant.") (citing 13B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 3606, at 409 & n. 2 (2d ed. 1984)) (internal quotations omitted).

The question here is whether Northwest Trustee Services, Pacific Northwest Title Company, and First American Title Company are nominal parties. The Court finds that Plaintiffs fails to make any valid substantive allegations against these parties sufficient to make them more than nominal defendants, as they appear to be title companies. Accordingly, their citizenship does not defeat diversity jurisdiction.

Thus, Plaintiffs' Motion to Remand is denied.

**B. Defendants Motion to Dismiss (ECF No. 8)**

Defendants BOA and MERS move to dismiss Plaintiffs' claims without leave to amend. They argue that (1) any alleged oral modification of Plaintiffs' loan fails under the Statute of Frauds; (2) fraud claims cannot be premised on promises of future events; (3) Plaintiffs cannot support their negligence claim by showing that any duty was owed or by providing factual support for their allegations regarding payment application; (4) the FFA does not provide any private right of action; (5) Plaintiffs have not shown that Defendants breached the loan contract or that they are entitled to equitable relief; (6) the facts do not support an unjust enrichment

ORDER RE DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTION TO REMAND ~ 9

claim because Plaintiffs have been living rent-free on the property; (7) and that

Plaintiffs cannot seek to quiet title because they have not alleged that they are able

to pay the amount due and owing on their loan. ECF No. 8 at 3-4.[2]

1. <u>Legal Standard</u>

A motion to dismiss for failure to state a claim tests the legal sufficiency of the

plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To

withstand dismissal, a complaint must contain "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "Naked assertion[s]," "labels and conclusions," or "formulaic recitation[s]

of the elements of a cause of action will not do." *Id.* at 555, 557. "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a plaintiff need not

establish a probability of success on the merits, he or she must demonstrate "more

than a sheer possibility that a defendant has acted unlawfully." *Id.*

---

[2] Plaintiffs did not respond to Defendants' motion, but filed their motion to remand

after this motion was filed and requested it to be heard on an expedited basis, while

commenting on the motion to dismiss in their motion to remand.

ORDER RE DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS'
MOTION TO REMAND ~ 10

A complaint must also contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pled. The court should generally draw all reasonable inferences in the plaintiff's favor, *see Sheppard v. David Evans and Assocs.*, 694 F.3d 1045, 1051 (9th Cir. 2012), but it need not accept "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

In ruling upon a motion to dismiss, a court must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the party opposing the motion. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court may disregard allegations that are contradicted by matters properly subject to judicial notice or by exhibit. *Id.* The court may also disregard conclusory allegations and arguments which are not supported by reasonable deductions and inferences. *Id.*

### 2. Whether MERS Should Be Dismissed as a Defendant

Defendants argue that Defendant MERS should be dismissed from this

action because the complaint fails to raise any allegations against or concerning MERS. ECF No. 8 at 8. Defendants offer no legal basis for their demand that MERS be dismissed, however. The Court notes that though MERS is not mentioned specifically in the factual allegations of the complaint, Plaintiffs generally allege that they "contest[] the ownership of the note," whose ownership is "yet a mystery and unknown." ECF No. 1-1 at 2. Defendants are collectively alleged to be "banks, lending institutions, loan originators, trustees and their assignee, transferees and successors in interest of purported instruments of rights including those inherent in a promissory note and deed of trust associated with the subject property." *Id*. Thus, Plaintiffs' inclusion of defendant MERS appears to be part of that collective alleged to have some stake in the promissory note and deed of trust.

### 3. Whether Plaintiffs' Negligence Claim Should Be Dismissed

Plaintiffs claim that the foreclosing defendants had a "duty under business custom and usage and common business practices, state banking regulations, and federal requirements…to exercise reasonable care and skill to maintain proper and accurate loan records and to discharge and fulfill the other incidents attendant to the maintenance, accounting and servicing of loan records, including, but not limited [to] accurate crediting of payments made by Plaintiff to avoid errors in accounting causing foreclosure…" ECF No. 1-1 at 6.

ORDER RE DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTION TO REMAND ~ 12

"The economic loss rule applies to hold parties to their contract remedies when a loss potentially implicates both tort and contract relief" *Alejandre v. Bull*, 159 Wash.2d 674, 681 (2007). "Tort law has traditionally redressed injuries properly classified as physical harm." *Stuart v. Coldwell Banker Commercial Group, Inc.,* 109 Wash.2d 406, 420 (1987). It "is concerned with the obligations imposed by law rather than by bargain," and carries out a "safety-insurance policy" that requires that products and property that are sold do not "unreasonably endanger the safety and health of the public." *Id.* at 421, 420. Contract law, on the other hand, carries out an "expectation-bargain protection policy" which "provides an appropriate set of rules when an individual bargains for a product of particular quality or for a particular use." Id. at 420-421. "Where economic losses occur, recovery is confined to contract 'to ensure that the allocation of risk and the determination of future liability is based on what the parties bargained for in the contract….'" *Alejandre*, 159 Wash.2d at 682-83.

> If the economic loss rule applies, the party will be held to contract remedies regardless of how the plaintiff characterizes the claims. Washington law consistently follows these principles. The key inquiry is the nature of the loss and the manner in which it occurs, i.e., are the losses economic losses with economic losses distinguished from personal injury or injury to other property. If the claimed loss is an economic loss, and no exception applies to the economic loss rule, then the parties will be limited to contractual remedies.

Alejandre, 159 Wash.2d at 683-684.

ORDER RE DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTION TO REMAND ~ 13

Here, Plaintiffs claim no injury to themselves or their property other than financial injury arising out of the alleged breach of contract.  Their allegations of negligence relate to Defendant's alleged duty to maintain their loan records, which is a creature of their contractual relationship. *See* ECF No. 1-1 at 6 ("Foreclosing Defendants all of which are allegedly acting as Plaintiff's lender and loan servicer, had a duty under business custom and usage and common business practices…to exercise reasonable care and skill to maintain proper and accurate loan records…"). As such, the economic loss rule applies and the parties are held to contract remedies. Accordingly, the Court grants Defendants' motion to dismiss Plaintiffs' negligence claim.

### 4.  Whether Plaintiffs' Fraud Claim Should Be Dismissed

**a.  Whether Plaintiffs' Fraud Claim is Time Barred**

Defendants first argue that Plaintiffs' fraud claim is in part time-barred because the statute of limitations is three years and the alleged misrepresentation of loan terms occurred in 2009. ECF No. 8 at 10.

Under RCW § 4.16.080, actions for fraud must be commenced within three years. However, the cause of action does not accrue "until the discovery by the aggrieved party of the facts constituting the fraud." RCW § 4.16.080(4).

Defendants argue that "to the extent [the fraud claim] is premised on loan origination allegations, the claim is time-barred and cannot be asserted against

BANA or MERS, who were not Plaintiffs' original lender." ECF No. 8 at 10. They cite paragraph 40 of Plaintiffs' complaint. However, paragraph 40 refers specifically to the statements of Anna Lopez in December 2011. ECF No. 1-1 at 7-8. Accordingly, Plaintiffs' fraud claim does not appear to be time-barred, as the three-year time limit on fraud actions would not expire until December 2014.

### b. Whether Plaintiffs' Fraud Claim is Sufficiently Pleaded

Defendants next argue that the fraud claim is insufficiently pleaded because the purportedly false statements concern a future act, and because Plaintiffs cannot plead justifiable reliance. ECF No. 8 at 10.

"In order to prove fraud, the plaintiff must establish each of the following elements by clear, cogent, and convincing evidence: (1) A representation of an existing fact; (2) its materiality; (3) its falsity; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person to whom it is made; (6) ignorance of its falsity on the part of the person to whom it is made; (7) the latter's reliance on the truth of the representation; (8) his right to rely upon it; (9) his consequent damage." *Kirkham v. Smith*, 106 Wash. App. 177, 183, 23 P.3d 10, 13 (2001). "In alleging fraud…a party must state with particularity the circumstances constituting fraud…." Fed. R. Civ. P. 9(b).

Here, drawing all inferences in the Plaintiffs' favor, the Court finds that the fraud allegations are sufficiently pleaded. Defendants first claim that Plaintiffs'

ORDER RE DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS'
MOTION TO REMAND ~ 15

loan modification allegations cannot support a fraud claim because the purported

false statements were not concerning an existing fact but rather a future act that

Plaintiffs would be guaranteed a modification if they defaulted, ECF No. 8 at 11,

the Court notes that the complaint states that Defendant BANA's agent knew the

statement to be untrue at the time she made it. Defendants cite *Hoptowit v. Brown*,

115 Wash. 661, 667 (1921), for the proposition that such a statement of future

event cannot constitute the basis for a fraud claim. But *Hoptowit* explains:

> **Nor is it the rule that all fraudulent misrepresentations of future events**,
> or all fraudulent misrepresentations of law, where a person is deceived
> thereby to his injury, **are nonactionable**. They are generally held so because
> they are in their nature matters of opinion, of which the one party is
> presumably as well informed as the other; but the exceptions are as well
> defined as the rule itself, and circumstances such as are here shown are
> generally held to constitute an exception.

*Hoptowit*, 115 Wash. at 667 (emphasis added).  Defendants do not argue that the

statement was an opinion; the Court will not dismiss the claim only on the grounds

that it pertains to a future act.

     Defendants next claim that Plaintiffs cannot claim justifiable reliance on any

purported promise insofar as they were obligated to make contractually obligated

payments on their loan. ECF No. 8 at 12. But Plaintiffs' claim is that the BANA

agent "guaranteed" that they could alter the loan agreement; thus, the very basis of

the fraud argument is that their belief in her alleged misrepresentation was

justified.

ORDER RE DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS'
MOTION TO REMAND ~ 16

1    Accordingly, Defendants' motion to dismiss this claim is denied.

2         5.   Whether Plaintiffs' Foreclosure Fairness Act Claim Should Be

3              Dismissed

4         Defendants argue that Plaintiffs' claim under RCW 61.24.163 fails because

5    the statute relates to borrowers' entitlement to request mediation prior to

6    foreclosure and does not include a private cause of action for damages. ECF No. 8

7    at 12.

8         Defendants argue that RCW 61.24.163 provides no private cause of action.

9    However, the Court notes that RCW 61.24.135 provides that violations of the duty

10   of good faith under RCW 61.24.163 constitute an unfair or deceptive act for

11   purposes of the Consumer Protection Act. Plaintiffs generally mention

12   Washington's consumer protection acts as protecting against the foreclosure

13   actions they allege. Thus, Plaintiffs' claim does not fail for lack of a private cause

14   of action.

15        Under the standard of the motion to dismiss, the Court must take the

16   Complaint at face value. Defendants cite a declaration for the fact that Plaintiffs

17   received notice of their right to request mediation in the Notice of Trustee's Sale.

18   ECF no. 8 at 12 (citing Varallo Declaration). However, Plaintiffs claim that the

19   "right to mediation was not properly noticed at any time prior to the issuance of the

20   [Notice of Default] in violation of the Wa. Stats." ECF No. 1-1 at 5. They also

ORDER RE DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS'
MOTION TO REMAND ~ 17

allege that the Notice of Default was "issued prematurely and illegally making the portent of foreclosure <u>void</u> as a matter of law." *Id*. (emphasis in original). Thus, this argument fails.

However, Defendants rightly note that RCW 61.24.163 relates to the foreclosure mediation process. Plaintiffs have not alleged facts giving rise to a finding that Defendants violated their duty to mediate in good faith as required under the section. For example, they do not argue that Defendants "failed to timely participate in mediation without good cause" or failed to "provide documentation required before mediation or pursuant to the mediator's instructions." RCW 61.24.163(10). Thus, Defendant's request that Plaintiffs' claim under RCW 61.24.163 be dismissed is granted. However, this does not preclude recovery under the other statutes generally cited as "Wash. State's consumer protection acts specifically protecting against illegal foreclosure actions." ECF No. 1-1 at ¶ 11.

### 6.   Whether Plaintiffs Are Entitled to an Accounting

Defendants allege that Plaintiffs have not demonstrated entitlement to an accounting because they have not demonstrated that Defendants owe them any duty, nor have they shown that the account is so complicated that the fiduciary duty requirement be waived. ECF No. 8 at 13.

Actions for partnership accounting are now covered under statute in Washington; actions for common-law accounting arise under case law. The

ORDER RE DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS'
MOTION TO REMAND ~ 18

requisites for an accounting action are set forth in *Corbin v. Madison*, 12 Wash.

App. 318, 327 (1974), quoting with approval language from *Seattle Nat'l Bank v.*

*School Dist. 40*, 20 Wash. 368 (1898):

> In general, a complaint for an accounting must show by specific averments that there is a fiduciary relation existing between the parties, or that the account is so complicated that it cannot conveniently be taken in an action at law. And it must allege that the plaintiff has demanded an accounting from the defendant, and the latter's refusal to render it, in order to state a cause of action.

*Corbin*, 12 Wash. App. at 327 (quoting *Seattle Nat'l Bank*, 20 Wash. 368).

A fiduciary relationship arises as a matter of law between an attorney and

client, or a doctor and patient, for example. *Liebergesell v. Evans*, 93 Wash.2d 881,

890 (1980).  However, a fiduciary relationship can also arise in fact regardless of

the legal relationship between the parties. *Id.* In some circumstances a fiduciary

relationship which allows an individual to relax his guard and repose his trust in

another may develop. *Id.* at 889.  Such a fiduciary relationship is one in which one

party "occupies such a relation to the other party as to justify the latter in expecting

that his interests will be cared for. . . ." *Id.* at 889-90 (quoting Restatement

Contracts § 472(1)(c)) (sufficient evidence of fiduciary relationship to overcome

summary judgment where businessman induced a widowed school teacher to lend

him money at 20 percent interest rate, even though he knew that rate was illegal).

"'The facts and circumstances must indicate that the one reposing the trust has

foundation for his belief that the one giving advice or presenting arguments is

ORDER RE DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS'
MOTION TO REMAND ~ 19

acting not in his own behalf, but in the interests of the other party.'" *Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc.*, 86 Wash. App. 732, 742 (1997) (quoting *Burwell v. South Carolina Nat'l Bank,* 340 S.E.2d 786, 790 (1986)). In other words, the plaintiff must show some dependency on his or her part and some undertaking by the defendant to advise, counsel and protect the weaker party. *Id*. In *Goodyear*, the court found that counterclaim plaintiff had not created an issue of fact sufficient to avoid summary judgment where, though tire dealer was vulnerable, tire manufacturer was clearly interested in promoting itself as demonstrated by its reservation of right to compete. *Id*. at 743 ("the existence of conflicting profit incentives between a manufacturer and dealer is at odds with a fiduciary relationship").

Plaintiffs' complaint does not allege any relationship between BANA and/or MERS and Plaintiffs that could give rise to a fiduciary relationship. An independent trustee in a nonjudicial foreclosure may owe a fiduciary duty to act impartially to fairly respect the interests of both the lender and debtor. *See Klem v. Washington Mutual Bank*, 176 Wash.2d 771, 790 (2013). But Plaintiff has not alleged that either BANA or MERS are trustees meeting this requirement. Accordingly, Plaintiffs' claim for an equitable accounting is dismissed. However, the Court grants Plaintiffs leave to amend their complaint, as explained below. //

7.  <u>Whether Plaintiffs' Breach of Contract Claim Should Be Dismissed</u>

Defendants argue that Plaintiffs' breach of contract claim should be dismissed because Plaintiffs do not allege facts demonstrating the relevant terms of the two purported contracts, nor do they allege facts demonstrating how Defendants breached any provision or any resulting damages. ECF No. 8 at

Generally, a plaintiff in a contract action must prove (1) a valid contract between the parties, (2) breach, and (3) resulting damage. *Lehrer v. State, Dep't of Soc. & Health Servs.*, 101 Wash. App. 509, 516, 5 P.3d 722, 727 (2000). Defendant cites RCW 64.04.010 for the proposition that the statute of frauds requires that agreements relating to an interest in real property, including mortgages, be in writing and signed by the party to be charged. ECF No. 8 at 15.

> Every conveyance of real estate, or any interest therein, and every contract creating or evidencing any encumbrance upon real estate, shall be by deed: PROVIDED, That when real estate, or any interest therein, is held in trust, the terms and conditions of which trust are of record, and the instrument creating such trust authorizes the issuance of certificates or written evidence of any interest in said real estate under said trust, and authorizes the transfer of such certificates or evidence of interest by assignment by the holder thereof by a simple writing or by endorsement on the back of such certificate or evidence of interest or delivery thereof to the vendee, such transfer shall be valid, and all such assignments or transfers hereby authorized and heretofore made in accordance with the provisions of this section are hereby declared to be legal and valid.

RCW § 64.04.010. Washington's statute of frauds also provides that

> In the following cases, specified in this section, any agreement, contract, and promise shall be void, unless such agreement, contract, or promise, or some

ORDER RE DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTION TO REMAND ~ 21

note or memorandum thereof, be in writing, and signed by the party to be charged therewith, or by some person thereunto by him or her lawfully authorized, that is to say: (1) Every agreement that by its terms is not to be performed in one year from the making thereof…

RCW § 19.36.010.

Here, Plaintiffs have not alleged facts indicating that the alleged loan modification "guaranteed" by BANA's agent Lopez was made in writing. Plaintiffs indicate that Lopez made statements to them, but the complaint does not specify whether those statements were verbal or in writing, and there is no indication that any party signed such a modification. Plaintiffs do allege that the "offer was accepted by reason of the cashing of the December 2011 payment cashed by defendant acknowledging the new contract and superseding the existing former Note and modifying same." ECF No. 1-1 at 5. However, Plaintiffs offer no explanation of why a check cashing constituted an acknowledgment of the new contract, nor what the specific terms of the new contract might be. Accordingly, based on their statute of frauds argument, Defendants' motion to dismiss Plaintiffs' breach of contract claim is granted.

        8.  Whether Plaintiffs' Unjust Enrichment and Promissory Estoppel Claims Should Be Dismissed

Defendants argue that Plaintiffs' claims for unjust enrichment and promissory estoppel fail because they cannot be asserted when there is an express

ORDER RE DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTION TO REMAND ~ 22

contract. ECF No. 8 at 16. They also argue that Plaintiffs' do not allege to have made a single modified payment to Defendants since January 2012, yet allege that Defendants "misapplied" payments. Id.

Quasi contracts, or contracts implied by law, are founded on the equitable principle of unjust enrichment that one should not be "unjustly enriched at the expense of another." *Lynch v. Deaconess Med. Ctr.,* 113 Wash.2d 162, 165, 776 P.2d 681 (1989) (quoting *Milone & Tucci, Inc. v. Bona Fide Builders, Inc.,* 49 Wash.2d 363, 367, 301 P.2d 759 (1956)). A person has been unjustly enriched when he has profited or enriched himself at the expense of another contrary to equity. *Farwest Steel Corp. v. Mainline Metal Works, Inc.,* 48 Wash.App. 719, 731–32, 741 P.2d 58 (1987). Under Washington law, "[a] party to a valid express contract is bound by the provisions of that contract, and may not disregard the same and bring an action on an implied contract relating to the same matter, in contravention of the express contract." *U.S. for Use and Benefit of Walton Technology, Inc. v. Weststar Engineering, Inc.,* 290 F.3d 1199, 1204 (9th Cir. 2002) (dismissing unjust enrichment claim where Plaintiff had affirmed the validity of the contract).

Here, because Plaintiffs entered an express contract with Defendant BANA with respect to their loan agreement and allege that they had modified that

agreement via a verbal agreement with a loan agent, Plaintiffs' quasi contract claim fails.

A party seeking recovery under a theory of promissory estoppel must prove five prerequisites: (1) a promise that (2) the promisor should reasonably expect to cause the promisee to change his position and (3) that does cause the promisee to change his position (4) justifiably relying upon the promise, in such a manner that (5) injustice can be avoided only by enforcement of the promise. *Kim v. Dean*, 133 Wash. App. 338, 348 (2006). Defendant cites *Hein v. Chrysler Corporation*, 45 Wn.2d 586 (1954) for the proposition that implied contract theories cannot be asserted when there is an express contract. However, the Court cannot find express support for the claim with respect to promissory estoppel.

Defendants also claim that Plaintiffs do not allege to have made a single modified payment to Defendants since January 2012, "yet appear to allege that Defendants 'misapplied' the very payments they did not make." ECF No. 8 at 16. However, Plaintiffs claim that they "gave notice to defendants that a dispute existed regarding the rejection of their tendered payments under a second [modified] agreement to pay a lesser amount under the note." ECF No. 1-1 at 4. This statement implies that Plaintiffs "tendered payments" that were then rejected.

Defendants next argue that Plaintiffs concede that they intentionally defaulted on their loan, and claim that they cannot allege that BANA has acted

ORDER RE DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTION TO REMAND ~ 24

inequitably by enforcing its security interest under the deed of trust. But Plaintiffs

alleged reason for defaulting is that Defendants' agent orally modified the loan

agreement they relied on that oral modification in changing the amount of money

they paid or ceasing to pay altogether.

Accordingly, Plaintiffs' claim for promissory estoppel survives Defendants'

motion to dismiss.

9. <u>Whether Plaintiffs' Claim for Quiet Title Should Be Dismissed</u>

Here, Defendant cites an unpublished district court opinion, *Evans v. BAC*

*Home Loans Servicing, L.P.*, 2010 WL 5138394 (W.D. Wash. 2010), for the

proposition that the "law is clear that to maintain a quiet title action regarding a

mortgagee, a plaintiff must first pay the outstanding debt on which the mortgage is

based." ECF No. 8 at 17. Defendants allege that Plaintiffs have not alleged that

they have paid the amounts due under their loan, nor that they have the ability to

pay.

Washington law indicates that Plaintiff may not maintain an action to quiet

title where purchaser at no time offered to pay balance of purchase price and to

satisfy mortgage debts on land. *Littlejohn v. Miller*, 5 Wash. 399, 404 (1892)

("However this may be, their indebtedness for the said portion of the purchase

price was concluded by this judgment, and they are in no position to question the

validity thereof; and they not having at any time offered to pay the balance of said

ORDER RE DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS'
MOTION TO REMAND ~ 25

purchase price, and to satisfy said mortgage debts, the judgment rendered in their favor in the court below must be reversed, and the cause is remanded with instructions to the lower court to dismiss it.").

Here, Plaintiffs' complaint only alleges that they made payments and then stopped making payments. There is no suggestion that Plaintiffs have paid off their mortgage or offered to do so. Accordingly, their action for quiet title is dismissed.

        10.   Leave to Amend

The standard for granting leave to amend is generous. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood,* 846 F.2d 1202, 1203–04 (9th Cir. 1988) (internal quotation marks and citations omitted). The court considers five factors in assessing the propriety of leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colleges,* 655 F.3d 984, 995 (9th Cir. 2011).

The Court finds no indication of bad faith, undue delay, or significant prejudice to the opposing party; nor have Plaintiffs previously amended their Complaint. The only factor remaining for the Court to weigh is whether an

ORDER RE DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTION TO REMAND ~ 26

amendment would be futile. Futility is established only if the complaint "could not be saved by any amendment." *Id.* (internal citations omitted); *see also Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 701 (9th Cir. 1990) (as amended) (leave to amend may be granted when the court can "conceive of facts" that would render the plaintiff's claim viable). Here, the Court can conceive of facts that would render Plaintiffs' claims viable. Accordingly, it grants leave to amend.

Plaintiffs' amended complaint shall consist of a **short** and **plain** statements showing they are entitled to relief.  Pursuant to Federal Rule of Civil Procedure 8(a), Plaintiffs shall allege with specificity the following:

1) a short and plain statement of the statute that gives this court jurisdiction over the case,

2) a short and plain statement of the law or legal theory and facts supporting each claim against each defendant which would entitle Plaintiffs to relief, and

3) the relief requested from each defendant.

Plaintiffs must name all intended Defendants in the caption of their complaint (an amended complaint supersedes the initial complaint). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).   Failing to name all Defendants in the caption of their complaint denies the Court jurisdiction over the unnamed Defendants. Fed. R. Civ. P. 10(a), *accord United States of America v. Tucson*

ORDER RE DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS'
MOTION TO REMAND ~ 27

*Mechanical Contracting Inc.*, 921 F.2d 911, 914 (9th Cir. 1990).  Plaintiffs must be careful to list only those Defendants in the caption of their complaint who are the subject of their claims.  The use of "Doe" Defendants is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  For Plaintiffs to properly name "John Doe" Defendants, they must provide all of the information they would normally provide if they already knew each of the defendants' names.  Plaintiff should identify "John Does" by their function, their actions, the dates these actions occurred and most importantly, a short and plain statement of the law or legal theory and facts supporting each claim against each defendant which would entitle Plaintiffs to relief.

Furthermore, Plaintiffs shall again set forth their factual allegations in separate numbered paragraphs.  THIS AMENDED COMPLAINT WILL OPERATE AS A COMPLETE SUBSTITUTE FOR (RATHER THAN A MERE SUPPLEMENT TO) THE PRESENT COMPLAINT.  The amended complaint must be legibly rewritten or retyped in its entirety, should be an original and not a copy, may not incorporate any part of the original complaint by reference, and **MUST BE CLEARLY LABELED THE "FIRST AMENDED COMPLAINT," with case number 13-CV-0380-TOR written in the caption.**

//

//

ORDER RE DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS'
MOTION TO REMAND ~ 28

**PLAINTIFFS ARE CAUTIONED IF THEY FAIL TO AMEND WITHIN 30 DAYS AS DIRECTED, THE COURT WILL PROCEED ONLY WITH THE ORIGINAL COMPLAINT, BUT WITHOUT THE CAUSES OF ACTION THAT HAVE BEEN DISMISSED BY THIS ORDER.**

**3. Plaintiffs' Motion to Expedite**

Plaintiffs seek to expedite their motion to remand. They appear to request that the motion be heard before the motion to dismiss. The Court grants this motion and has addressed the claims in Plaintiffs' motion.

They also appear to move the court for an extension of time to respond to Defendants' motion to dismiss. Plaintiffs refer to it as a "stay or continuance of a pending motion," but the title states that it is a motion to "extend time to respond to a pending motion to dismiss." The court interprets this as a request for an extension of time to file a response.  Plaintiffs offer no good cause for not having the response within the 30 days established by Local Rule 7.1(b)(2)(A), arguing that they did not receive the motion until November 17, 2013. However, they did not file the motion to dismiss or the motion to expedite until December 24, 2013. Despite this, the Court's rulings on the motion to dismiss are not fatal to their complaint, as Plaintiffs will be granted leave to file an amended complaint.

//

ORDER RE DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTION TO REMAND ~ 29

**IT IS HEREBY ORDERED:**

1.  Plaintiffs' Motion to Remand (ECF No. 12) is **DENIED**.

2.  Defendants' Motion to Dismiss (ECF No. 8) is **DENIED** in part and **GRANTED** in part.

    a.  Defendants' motion to dismiss MERS as a defendant is DENIED.

    b.  Plaintiffs' negligence claim is DISMISSED.

    c.  Defendants' motion to dismiss Plaintiffs' fraud claim is DENIED.

    d.  Plaintiffs' Foreclosure Fairness Act claim is DISMISSED, though the Court notes that this does not resolve or preclude claims under the other consumer protection statutes Plaintiffs reference in the complaint.

    e.  Plaintiffs' claim for an accounting is DISMISSED.

    f.  Plaintiffs' breach of contract claim is DISMISSED.

    g.  Plaintiffs' unjust enrichment claim is DISMISSED; Plaintiffs' claim for promissory estoppel survives.

    h.  Plaintiffs' quiet title cause of action is DISMISSED.

3.  Plaintiffs are granted leave to amend their complaint. An amended complaint, if any, shall be filed within 30 days of the filing of this order.

4.  Plaintiffs' Motion to Expedite (ECF No. 11) is **GRANTED** in part. Their motion to expedite is granted. Plaintiffs' request to stay or continuance

ORDER RE DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS'
MOTION TO REMAND ~ 30

on motion to dismiss is **DENIED**.  However, as stated above, Plaintiffs

are granted leave to amend their complaint.

The District Court Executive is hereby directed to enter this Order and

provide copies to the parties.

**DATED** January 14, 2013.



THOMAS O. RICE
United States District Judge

ORDER RE DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS'
MOTION TO REMAND ~ 31