UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TIMOTHY ALGAIER, DEBRA EDDY,<br><br>                     Plaintiffs,<br><br>     v.<br><br>BANK OF AMERICA, N.A., a national bank doing business in Washington State, et. al.,<br><br>                   Defendants. | NO:  13-CV-0380-TOR<br><br>ORDER RE: DEFENDANT'S MOTION FOR A PROTECTIVE ORDER |

BEFORE THE COURT are Defendant Bank of America, N.A's Motion for Protective Order (ECF No. 39) and Plaintiffs' Requests for Sanctions and for Extension of Time to Conduct and Complete Discovery (ECF No. 41). This matter was submitted for consideration without oral argument. Although a hearing date of June 22, 2015, is set for this matter, this Court finds no reason to delay its order. The Court has reviewed the briefing and the record and files herein, and is fully informed.

ORDER RE: DEFENDANT'S MOTION FOR A PROTECTIVE ORDER ~ 1

**BACKGROUND**

This case concerns a threatened nonjudicial foreclosure.  Plaintiffs initiated this action in Spokane County Superior Court on October 9, 2013, which action Defendants timely removed to this Court.  ECF No. 1.  Plaintiffs' three remaining causes of action—after several of their claims have suffered dismissal by this Court—are for fraud, promissory estoppel, and breach of contract.  *See* ECF Nos. 20, 26.

In the instant motion, Defendant Bank of America moves for a protective order pursuant to Fed. R. Civ. P. 26(c) to prevent public dissemination of its sensitive and confidential business documents.  ECF No. 39.  On March 24, 2015, Defendant produced over 800 pages of documents in response to Plaintiffs' discovery requests.  ECF No. 40 at 3.  At this time, Defendant informed Plaintiff that upon entry of a protective order governing the disclosure and use of confidential information, it would provide additional documents pursuant to Plaintiffs' requests.  *Id*.  Defendant provided Plaintiffs with a draft stipulated protective order on April 1, 2015, *id.*; however, on April 16, 2015, Plaintiffs informed Defendant that they opposed such an order, *id.* at 3-4.

In their belated response briefing, Plaintiffs continue to oppose entry of a protective order, asserting that Defendant has not shown good cause.  ECF No. 41 at 4-6.  Additionally, Plaintiffs request that the Court grant an extension of time to

conduct and complete discovery due to Defendant's "delay tactics," and impose

sanctions on Defendant for its "bad faith filings." *Id.* at 8.

## DISCUSSION

### A. Protective Order

Defendant Bank of America requests that this Court enter a protective order

excluding certain discoverable documents from public dissemination and use

outside of this litigation. ECF No. 39 at 9; *see* ECF No. 39-1 (proposed protective

order).   In support of this request, Defendant contends these documents are

internal business and loan servicing records which contain proprietary content,

sensitive and confidential information, and trade secrets. ECF No. 39 at 9.

According to Defendant, its loan servicing system is wholly unknown to outsiders;

it actively takes steps to guard the secrecy of the particulars of its loan servicing

system; this information would be highly valuable to other loan servicers; and

Defendant implements security measures and routine audits to ensure its

confidential and proprietary information is not publicly disseminated. *Id.* at 10.

As such, public dissemination of these records would put Defendant at a

competitive disadvantage. *Id.* at 9.

"As a general rule, the public is permitted 'access to litigation documents

and information produced during discovery.'" *In re Roman Catholic Archbishop

of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Phillips v. Gen.*

*Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002)).  However, under Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . . ." Fed. R. Civ. P. 26(c)(1)(G).  The party seeking a protective order bears the burden of showing "good cause"—that is, that specific prejudice or harm will result if no protective order is granted.  *In re Roman Catholic Archbishop*, 661 F.3d at 424 (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)).  Additionally, the moving party must also demonstrate that it has "in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  Fed. R. Civ. P. 26(c)(1).

Here, finding that Defendant has in good attempted to confer with Plaintiffs and demonstrated good cause for issuance of a protective order, this Court finds entry of a protective order is warranted.  Without entry of a protective order protecting Defendant's sensitive and confidential documents from public dissemination, Defendant has sufficiently demonstrated that it would be placed at a competitive disadvantage with other loan servicers.  Importantly, Plaintiffs, despite their unyielding opposition, will suffer no prejudice with entry of this order.

Plaintiffs' opposition seems to lie in their confusion about the effect of the proposed order. Contrary to Plaintiffs' possible misunderstanding, entry of the proposed protective order will not prevent their access to the confidential documents for use in these proceedings; rather, by the terms of the proposed order, "[a] receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation." ECF No. 39-1 at 3. As a "receiving party," Plaintiffs will have access to these designated confidential materials for use in these proceedings but may only use the documents in a manner prescribed by the order. Accordingly, this Court **GRANTS** Defendant's Motion for Protective Order (ECF No. 39).

## B. Extension of Discovery

In their response briefing, Plaintiffs request an extension of time to conduct and complete discovery due to Defendant Bank of America's "delaying tactics." ECF No. 41 at 7. According to Plaintiffs, they have received no responses to their discovery requests other than objections. *Id.* Plaintiffs request this Court extend the current July 27, 2015 deadline to January 15, 2016. *Id.*

Under Federal Rule of Civil Procedure 16(b), a court's scheduling order may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). When determining whether plaintiffs have demonstrated good cause, the

ORDER RE: DEFENDANT'S MOTION FOR A PROTECTIVE ORDER ~ 5

court "primarily considers the diligence of the party seeking the amendment." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes). However, "[i]f that party was not diligent, the inquiry should end." *Id.* The district court, in supervising the pretrial phase of litigation and deciding the preclusive effect of a pretrial order, has "broad discretion." *C.F. ex rel. Farnan v. Capistrano Unified School Dist.*, 654 F.3d 975, 984 (9th Cir. 2011).

As a threshold issue, Plaintiffs' request does not comply with proper procedures for motion practice before this Court. Pursuant to Federal Rule of Civil Procedure 7(b), a request for a court order must be made by written motion stating with particularity the grounds for seeking the order and the relief sought. Fed. R. Civ. P. 7(b)(1). Relatedly, Local Rule 7.1 explains the proper procedure for motion practice. LR 7.1(a). Plaintiffs' request, filed in their response briefing, does not comport with these procedures.

Even if this Court were to consider Plaintiffs' request, they have failed to demonstrate good cause for amending this Court's scheduling order and extending the discovery deadline. Although Plaintiffs assert that they have received no

responses to their discovery requests, ECF No. 41 at 7, Defendant's filings seem to

suggest otherwise.  On October 29, 2014, Defendants Bank of America and

Mortgage Electronic Registrations Systems served their initial disclosures on

Plaintiffs.  ECF No. 40-1.  On November 13, 2014, Defendants served

supplemental initial disclosures on Plaintiffs.  ECF No. 40-2.  On March 24, 2015,

Defendants responded to Plaintiffs first set of discovery requests.  ECF No. 40-3.

At this time, Defendants explained that they would disclose the remaining

responsive documents upon entry of a protective order, which proposed protective

order was sent to Plaintiffs on April 1, 2015.  ECF No. 40-4.  Moreover,

considering Plaintiffs did not issue their first set of discovery requests until

February 2, 2015, and just now requested an extension—nearly one month before

the July, 27, 2015 discovery deadline—they have also failed to demonstrate

diligence.  Accordingly, Plaintiffs request is **DENIED**.

## C. Sanctions

Plaintiffs also request, in their response briefing, that this Court impose

sanctions against Defendant Bank of America in the amount of $9,500 for "bad

faith delaying tactics based on bad faith filings."  ECF No. 41 at 8.  Although

Plaintiffs do not explain what actions of Defendant warrant sanctions,[1] their

---

[1] It is unclear from Plaintiffs' briefing pursuant to what authority they are moving for sanctions.  The title of their response briefing cites to Rule 37(f) (failing to

ORDER RE: DEFENDANT'S MOTION FOR A PROTECTIVE ORDER ~ 7

1    motion seems to take issue with Defendant's withholding of certain discovery

2    documents in the absence of a protective order.

3            Under the Federal Rules of Civil Procedure, a party has a duty to cooperate

4    and comply with the discovery process.  If a party fails to provide relevant

5    discovery as required by the Federal Rules of Civil Procedure, the party may be

6    prevented from using that information "to supply evidence on a motion, at a

7    hearing, or at a trial, unless the failure was substantially justified or is harmless."

8    Fed. R. Civ. P. 37(c)(1).  "In addition to or instead of this sanction, the court, on

9    motion and after given an opportunity to be heard: (A) may order payment of the

10   reasonable expenses, including attorney's fees, caused by the failure; (B) may

11   inform the jury of the party's failure; and (C) may impose other appropriate

12   sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."  *Id.*  The

13   Ninth Circuit "gives particularly wide latitude" to the district's court decision to

14   impose sanctions under Rule 37(c)(1).  *R& R Sails, Inc. v Ins. Co. of Penn.*, 673

15   F.3d 1240, 1245 (9th Cir. 2012).  "The party facing sanctions bears the burden of

16

17   participate in framing a discovery plan), and the body of their brief cites to Rule 11

18   (representations to the court).  *See* ECF No. 41.  This Court construes their request

19   under Rule 37(c), which provides for sanctions when a party fails to provide

20   information or identify a witness as required by Rule 26(a) and (e).

ORDER RE: DEFENDANT'S MOTION FOR A PROTECTIVE ORDER ~ 8

proving that its failure to disclose the required information was substantially

justified or is harmless."  *Id.* at 1246.

Again, Plaintiffs' request does not conform to the appropriate procedures for

motion practice.  *See* Fed. R. Civ. P. 7(b)(1); L.R. 7.1(a).  Nevertheless, despite

Plaintiffs' allegations, Defendants have appeared to have disclosed the required

discovery information, save for the documents covered by the proposed protective

order.  Accordingly, because this Court finds no cause to sanction Defendants,

Plaintiffs request is **DENIED.**

**IT IS ORDERED:**

1.  Defendant Bank of America, N.A.'s Motion for Protective Order (ECF

No. 39) is **GRANTED**.  The Protective Order, filed at ECF No. 39-1, is approved

and shall be entered.  The parties shall abide by the Protective Order.

2.  Plaintiffs' Request for Extension of Time to Conduct and Complete

Discovery (ECF No. 41) is **DENIED**.

3.  Plaintiff's Plaintiffs' Request for Sanctions (ECF No. 41) is **DENIED**.

The District Court Executive is directed to enter this Order and provide

copies to the parties.

**DATED** June 18, 2015.



THOMAS O. RICE
United States District Judge

ORDER RE: DEFENDANT'S MOTION FOR A PROTECTIVE ORDER ~ 9